UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT WEST,

        Plaintiff,

    v.

MAYOR HALES, CHIEF OF POLICE
REESE, and 150 OFFICERS,

        Defendants.

Case No. 3:15-cv-00715-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

    Plaintiff, Robert West, has applied to proceed *in forma pauperis* (docket #1). An examination of the application reveals that he is unable to afford the fees of this action. Accordingly, his application is granted and no filing fee will be assessed. However, for the reasons set forth below, the Complaint is dismissed without prejudice. If Mr. West completes the first page of his Motion for Appointment of *Pro Bono* Counsel (docket #3), then the court will appoint *pro bono* counsel for the limited purpose of assisting him in filing an amended complaint.

///

///

1 – OPINION AND ORDER

## **STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991).

A court must liberally construe the allegations of a *pro se* plaintiff and "afford the plaintiff the benefit of any doubt." *Lopez*, 939 F2d at 883 (citation omitted). However, under Federal Rule of Civil Procedure ("FRCP") 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the- defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## **ALLEGATIONS**

Using the court's form, Mr. West has filed a Complaint against Mayor Hales and Chief of Police Reese for the City of Portland, Oregon, as well as against 150 unidentified "Officers." He

alleges three claims for violations of the First, Fourth and Eighth Amendments based on an incident at a "peaceful protest" on November 29, 2014, when he was "flash banged" by the police, arrested, denied water and the use of a bathroom, and later sent to the hospital. He alleges no further details as to what happened. As a result, he seeks $100,000.00 from each defendant.

## DISCUSSION

Any claim based on a violation of Mr. West's constitutional rights must be brought under 42 USC § 1983. That statute authorizes an injured plaintiff to assert a claim for relief against a person who, acting under color of state law, violated the plaintiff's federally protected rights. To state a § 1983 claim, the plaintiff must allege facts showing a deprivation of a federal right by a person who acted under color of state law. *Anderson v. Warner*, 451 F3d 1063, 1067 (9th Cir 2006).

Under § 1983 Mr. West may seek to enforce a violation of a wide range of federal constitutional rights. The Fourteenth Amendment creates numerous rights enforceable under § 1983, namely substantive and procedural due process, the equal protection of the laws, and those rights from the Bill of Rights (First through Tenth Amendments) incorporated by the Due Process Clause of the Fourteenth Amendment. These incorporated rights include rights protected by the First Amendment free speech and religion clauses (the free exercise and establishment clauses), the Fourth Amendment protection against unreasonable searches and seizures, and the Eighth Amendment protection against cruel and unusual punishment.

Mr. West may well have a viable claim under § 1983 for a violation of his constitutional rights. However, the Complaint does not satisfy the FRCP 8 standard because it does not give each defendant fair notice of the factual basis and nature of the claim. Mr. West does not allege

how Mayor Hales or Chief of Police Reese violated his First Amendment right to free speech or his Fourth Amendment right against an unreasonable seizure.  If the police had probable cause to arrest him at the protest, then neither of these constitutional rights was violated.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  *Hope v. Pelzer*, 536 US 730, 737 (2002).  Among unnecessary and wanton inflictions of pain are those that are totally without penological justification.  *Id.*  However, Mr. West fails to allege how long he was denied water and use of a bathroom, such that they lacked any penological justification.  Moreover, Mr. West fails to describe the nature of his injuries that led to his hospitalization and presumably to his damages.  In other words, the allegations are simply too vague and lacking in detail to state satisfy FRCP 8.

      In addition, not every person can be sued under § 1983.  A "person" under § 1983 includes state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity.  Mayor Hales and Chief of Police Reese are persons under § 1983.  However, "[l]iability under §1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation.  *Taylor v. List*, 880 F2d 1040, 1045 (9th Cir 1989).  "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Redman v. Cnty. of San Diego*, 942 F2d 1435, 1446 (9th Cir 1991), *cert. denied*, 502 US 1074 (1992) (quotation omitted); *Larez v. City of Los Angeles*, 946 F2d 630, 646 (9th Cir 1991); *Taylor*, 880 F2d at 1045.  There is no *respondeat superior* liability under § 1983.  *Monell v. New York City Dep't of Social Servs.*, 436 US 658, 691-94 (1978); *Taylor*, 880 F2d at 1045.  Both Mayor Hales and Chief of Police Reese are supervisors.  Because liability may not be based solely on a supervisory role,

Mr. West must allege how they were personally involved in the alleged deprivation of his constitutional rights.  Mr. West also has named as defendants "150 officers" who are the "ones that delt [*sic*] with the protesters" and presumably include those police officers who arrested him.  However, he has not named any of them or described what they did to him.

To assist them in prosecuting this action, Mr. West has filed a Motion for Appointment of *Pro Bono* Counsel (docket # 3) for all purposes.  However, he has not completed the first page describing his unsuccessful efforts to obtain legal counsel and why he needs appointed counsel.  If he completes that motion, then this court will appoint *pro bono* counsel for the limited purpose of assisting him in filing an amended complaint in order to adequately allege a viable claim for relief under § 1983.  Once that amended complaint is filed and answered, then the court will be in a better position to determine whether *pro bono* counsel should be appointed for all purposes.

## ORDER

Plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) is GRANTED, and no filing fee will be assessed.  However, for the reasons set forth above, the Complaint is DISMISSED without prejudice and with leave to replead.  In addition, the Motion for Appointment of *Pro Bono* Counsel (docket #3) is DEFERRED until Mr. West completes the first page when the court will appoint *pro bono* counsel for the limited purpose of filing an amended complaint.  The amended complaint will be due 28 days after a *pro bono* counsel accepts the appointment.

DATED May 12, 2015.

s/ Janice M. Stewart  
Janice M. Stewart  
United States Magistrate Judge