J. SCOTT MOEDE, Oregon State Bar ID Number 934816
Chief Deputy City Attorney
Email: scott.moede@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Attorney for Defendants City of Portland, Oregon, and City of Portland Police Bureau

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

**ROBERT LEE WEST**,                                                            **3:15-cv-00715-ST**

          **PLAINTIFF,**

                                       **STIPULATED PROTECTIVE ORDER**

    v.

**CITY OF PORTLAND, OREGON, and**
**CITY OF PORTLAND POLICE BUREAU,**

          **DEFENDANTS.**

It is hereby stipulated and agreed by and between the respective parties hereto by their counsel of record that the City of Portland will produce for discovery and inspection certain documents for initial disclosures and in response to requests for production throughout the pendency of this litigation that will be subject to this Protective Order.  The protected documents include the following categories:

    1.       Files of the Internal Affairs Division.

    2.       Files of the Independent Police Review ("IPR") Division.

THEREFORE, IT IS FURTHER ORDERED, the Protected Documents will be produced throughout the pendency of this litigation pursuant to the following conditions:

    1.       When used in this Order, the phrase "document subject to the protective order" includes, but is not limited to: documents and records produced by any party or nonparty in this

Page  1  –    STIPULATED PROTECTIVE ORDER

action whether pursuant to the Federal Rules of Civil Procedure, subpoena, or by agreement; responses to requests for admissions; deposition transcripts and exhibits; and any portions of any court papers which quote from or summarize any of the foregoing which contain confidential material as defined by this order and which the party designates as subject to this protective order.

2.      All documents subject to this Order will be designated as subject to this protective order by clearly marking the document as "PRODUCED SUBJECT TO PROTECTIVE ORDER." The documents will also be produced on salmon colored paper. Any videotapes, compact discs and cassette tapes will be produced with an orange highlighted label. All copies of documents subject to this order made by the party receiving the produced documents will also be made on salmon colored paper.

If a party, though inadvertence, fails to designate documents as "PRODUCED SUBJECT TO PROTECTIVE ORDER" the designating party, at its own expense, may replace the previously produced documents with documents marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" in accordance with this order. All expenses related to initially designating or marking documents or subject to the protective order shall be the responsibility of the party seeking the designation.

Documents subject to this order shall be produced segregated from other documents not subject to this order. For example, protective order documents produced electronically shall be produced on a CD or DVD containing only confidential documents containing an orange label stating "PRODUCED SUBJECT TO PROTECTIVE ORDER." Documents produced on paper will be produced on salmon paper segregated in a separate expando folder file from non-confidential documents.

3.      All documents, testimony, and information designated as subject to this Order shall be used solely for the prosecution and/or defense of this action and for no other purpose.

Page 2 –    STIPULATED PROTECTIVE ORDER

4.      No document or testimony designated as "PRODUCED SUBJECT TO PROTECTIVE ORDER" and no information contained in it or obtained from it may be disclosed to any person other than:

a.    The parties in this action and their agents, including but not limited to their insurers or self insurers, authorized to assist them in this litigation;

b.    Counsel for the parties in this action and their staff;

c.    The Court, its staff, and court reporters;

d.    Independent experts retained by counsel for the parties to assist them in this litigation, including litigation consultants, electronic discovery consultants, jury consultants and mock jurors selected by counsel in preparation for trial;

e.    Actual and potential witnesses to the extent reasonably necessary to prepare for trial; and

Any person to whom such documents or information contained therein is to be disclosed shall first be advised by counsel making the disclosure that, pursuant to this protective order, such person may not divulge any such documents or information to any other person and that such documents and information shall be used only for the purpose of prosecuting this action. Further, counsel making the disclosure shall require each such person to read and sign the "**Disclosure Statement for Confidential Material**" attached hereto as Exhibit 1 and incorporated by reference.

5.      In the event that any of these documents or the information contained therein is included with, or the contents thereof are in any way disclosed in, any pleading, motion or other paper filed herein, the party filing such documents will seek to file the documents under seal by following the procedures for federal court. The party filing such sealed documents must assess whether redaction is a viable alternative to filing under seal wherever possible.

/////

Page 3 –    STIPULATED PROTECTIVE ORDER

6.      This Protective Order shall not affect the admissibility of any document or information covered herein.

7.      To the extent that any party's attorneys ask questions in any depositions which relate to any documents subject to the protective order, all such portions of those depositions shall be sealed by the court reporter.  The reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript as "PRODUCED SUBJECT TO PROTECTIVE ORDER."  The designating person may also make such a designation after reading the deposition transcript if that person determines that testimony should have been but was not designated "PRODUCED SUBJECT TO PROTECTIVE ORDER" during the deposition.  The designating person shall pay all expenses related to such designation.  Sealed portions of depositions shall be available only to those entitled to review the documents subject to this Order.

8.      Nothing in this order shall prevent any party or non-party to this action from seeking modification of this order or from objecting to discovery which it believes to be otherwise improper.  The production of documents subject to this Order shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality which the parties may have.

9.      Any documents responsive to any future request for production that are with the categories of the Protected Documents (*e.g.*, personnel records) shall be produced in accordance with the terms of this Protective Order.

10.     No party will lodge an objection to any request by the producing party made to the Court that any portion of the materials, listed as PROTECTED DOCUMENTS in the first part of this Order, that are offered or admitted as an exhibit, and become part of the record in this case, be sealed by the Court at the conclusion of this litigation.

/////

Page  4  –    STIPULATED PROTECTIVE ORDER

11.     Within 60 days after the final conclusion of this action, the materials furnished to any party subject to this Protective Order and all copies, or reproductions **in any format** made by anyone of such documents or information contained therein shall be returned upon request to each party's counsel of record.  The party requesting return of protected documents shall provide the Bates numbers of the documents to be returned.

If any attorney receiving protected documents scans protective order documents in any format, at the conclusion of this action, all such electronic files shall be deleted as well as removed and cleared from the hard drive.  When the receiving attorney returns the paper copies, tapes, CDs, DVDs, etc. of the documents to the producing attorney, the receiving attorney will provide a certification that: (1) all documents, copies or reproductions **in any format** of such documents or written material recording the information contained in such documents are being returned to the producing attorney; and (2) all electronic files have been deleted, as well as removed and cleared from the hard drive, and are no longer retrievable by the receiving attorney in any form.  Documents subject to the protective order which contain attorney work product must be shredded and destroyed and counsel must send an affidavit or declaration stating that destruction has occurred.  The receiving attorney will make arrangements to have these documents appropriately segregated and marked so that their office will be prepared to comply with the terms of this Order when required to do so by its terms.

This provision does not include any deposition transcripts or documents marked and used as exhibits in court which may be retained by counsel of record in their files.

12.     The obligations of non-disclosure imposed by this Order shall continue in full force and effect beyond and notwithstanding the termination of this action.

13.     This Protective Order shall remain in effect until agreed otherwise by written stipulation signed by counsel for the parties hereto and filed herein, or until modified or terminated by order of this Court upon good cause being shown.

Page  5  –     STIPULATED PROTECTIVE ORDER

DATED: _____11/10/2015_____        __/s/ Greg Lockwood_____
                                    Greg Lockwood
                                    Attorney for Plaintiff


DATED: _____11/12/2015_____        __/s/ J. Scott Moede _____
                                    J. Scott Moede
                                    Chief Deputy City Attorney
                                    For Defendants


DATED this _____day of _____, 2015.


                                    _____
                                    Judge


Page 6 –    STIPULATED PROTECTIVE ORDER

## DISCLOSURE STATEMENT FOR CONFIDENTIAL MATERIAL

I, _____, of _____, located at

_____ hereby agree to be

bound by the terms and conditions of the Stipulated Protective Order dated _____, in

the action entitled *Robert Lee West v. City of Portland, et al., Case No. 3:15-cv-00715-ST*.  I

have reviewed the Stipulated Protective Order and am familiar with its contents.

I have received material represented to me to constitute confidential material in the

aforesaid action.  I will only make such copies or notes as are essential to enable me to render the

assistance required in connection with this litigation.  Such notes and copies shall be preserved in

a separated file marked for disposal or destruction upon completion of this litigation.  I will not

reveal the contents of the confidential material to any unauthorized person.  I will not use

confidential material for any purpose other than the prosecution or defense of this action.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing

is true and correct and that I executed this document on _____, at

_____.

_____
(Name of Individual)

_____
(Title)

_____
(Date)

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430